Samuel T. COHEN, Mitchell C. Macks, Stephen C. Shamberg and Michael A. Shamberg, Appellants–Defendants,

v.

Bruce MEYER, Beverly Dembo, Bonnie Sloan and Stacy Rubens, Appellees–Plaintiffs.

No. 82A01–9807–CV–244.

Court of Appeals of Indiana.

Nov. 23, 1998.

**1254** 

Edward W. Johnson, Johnson, Carroll and Griffith, Evansville, for Appellants–Defendants.

Leslie C. Shively, Robert R. Faulkner, Fine & Hatfield, Evansville, for Appellees–Plaintiffs.

## OPINION

BAKER, Judge.

Appellants-defendants Samuel T. Cohen, Mitchell C. Macks, Stephen C. Schamberg and Michael A. Shamberg (referred to collectively as "Defendants") bring this interlocutory appeal of the trial court's order for the sale of real estate. Specifically, Defendants argue that the trial court abused its discretion by appointing a realtor as commissioner and also by allowing him six months to sell the real estate at a 6% commission. Moreover, Defendants claim that Fred Barber, the appointed commissioner, was not disinterested as required by the partition statute.[1]

### FACTS

The facts most favorable to the judgment reveal that appellees-plaintiffs Bruce Meyer, Beverly Dembo, Bonnie Sloan and Stacy Rubens (collectively referred to as "Plaintiffs") own a shopping center as tenants in common with Defendants. Plaintiffs own 12% and Defendants own 88% of this real estate which was located in Evansville. On December 12, 1997, Plaintiffs filed a complaint for partition of the real estate which had since become vacant and in need of repair.

At the hearing held on May 11, 1998, the parties stipulated that the real estate could not be physically partitioned without doing damage and that the Court should order the property sold. Record at 81. Therefore, at the hearing, the parties proceeded to present evidence of the real estate's fair market value, the proper method of sale and the appointment of a commissioner for the sale. Evidence of the property's value ranged from Defendants' lowest estimate of $650,000 and Plaintiffs' highest estimate of $1,500,000. R. at 111, 91. While Defendants proposed a sale by auction, Plaintiffs presented evidence that this would yield a 25–30% reduction in the sale price. R. at 93. Instead, Plaintiffs argued that Fred Barber, a licensed commercial real estate broker in Evansville, should be the court appointed commissioner at a 7% commission.

Thereafter, on May 22, 1998, the court entered its order for the sale of the real estate which read, in pertinent part, as follows:

1. The Court notes and enters as a part of its Order the agreement of the parties that the subject real estate, as more particularly described in Plaintiffs' Complaint, cannot be physically partitioned.

2. The Court determines the fair-market value of the subject real estate to be Seven Hundred Fifty Thousand Dollars ($750,000).

3. The Court hereby appoints FRED BARBER of F.C. Tucker Company as Commissioner for purposes of sale of the subject real estate to serve with bond as provided by I.C. 32–4–5–15. The Commissioner shall be compensated pursuant to written agreement which will provide for a six percent (6%) commission on the gross sale price, with Commissioner to be responsible for all costs of sale, i.e., advertising, etc.

---

1. Defendants additionally argue that no agreement existed between the parties as to appointment of a commissioner under the terms of the order. We find this assertion irrelevant because neither the trial court nor Plaintiffs ever claimed such agreement existed. If the parties were in agreement, then there would have been no need for a court supervised partition or sale. Rather, the written agreement that is referred to in the order clearly contemplates a written listing agreement as required by IND.CODE §§ 25–34.1–10–3, –14.

4. Said listing agreement shall be for a period of six (6) months, commencing with the date of this Order.

5. Commissioner shall advise all parties, through their respective counsel, of any and all offers received and any sale shall be subject to approval by the Court.

R. at 54–55. Defendants now appeal this interlocutory order.[2]

## DISCUSSION AND DECISION

Defendants first argue that the trial court exceeded its authority under the partition statute, IND.CODE §§ 32–4–5–1 to –23, by selecting a commissioner who was objected to by the majority owners, fixing the commisioner's fee at 6% and granting a six month term for sale. Defendants' primary argument for this proposition, that there are no reported cases in Indiana in which a judicial sale has been handled in this manner, is unpersuasive. Moreover, we note that Defendants have not provided us with any authority that such a sale is improper.

I.C. § 32–4–5–13 provides, in pertinent part, that "in its discretion [the trial court] may order the whole or such part of the premises to be sold at public or private sale, providing in the order for reasonable public notice of such sale on such terms and conditions as it may prescribe . . ." Additionally, I.C. § 32–4–5–21 provides that the court "shall make such allowance to the commissioners for their services and for . . . the execution of the necessary conveyances as to such court shall seem reasonable." Because the language of I.C. § 32–4–5–13 vests the trial court with discretion with respect to a sale of property in the circumstances presented here, we need only determine whether the trial court's order constituted an abuse of discretion.

■ Here, the trial court appointed a real estate agent as commissioner for six months with a commission of 6%. While challenging this order, Defendants also state that they "want to maximize their proceeds from the sale of the property. . . ." Appellants' Reply

Brief at 5. This was, presumably, also the goal of the trial court. There is evidence in the record that a real estate agent could obtain a higher price than Defendants' proposed public sale. R. at 93. Moreover, there is evidence that Barber had already obtained an offer to purchase the real estate for $782,000 which, even discounting for the commission, was well in excess of the $700,000 fair market value that Defendants had asked the court to find. R. at G–P, 43. As a result, we find that the trial court's decision to appoint a real estate agent as commissioner, for the limited period of six months, was not an abuse of discretion.

■ With respect to the commission, Defendants argue that the 6% commission is unreasonable without citing any relevant authority. Instead, the Defendants simply argue that they "will be the ones substantially penalized" by the pre-determined commission which sets a floor of $45,000. We fail to see how Defendants will be "substantially penalized" when they will pay the same percentage of their proceeds as Plaintiffs. Additionally, we note that Defendants failed to mention in their briefs that the trial court lowered the commission from the requested 7% to 6%. Defendants presented no evidence that this rate was unreasonable. Moreover, the trial court's order provided that the commissioner would be personally responsible for all costs of sale. Therefore, the parties would only be required to pay if and when the property is sold. Thus, we find that the trial court did not abuse its discretion when it found that a 6% commission would be a fair fee for the commissioner's services.

■ Finally, we address Defendant's argument that the trial court's specific appointment of Fred Barber as commissioner was in conflict with I.C. § 32–4–5–6. Specifically, Defendants claim that the partition statute requires the commissioner to be disinterested and that Barber was not disinterested because he testified for Plaintiffs at the hearing regarding the property's value.

---

**2.** This interlocutory appeal is appropriately premised on Ind.App. Rule 4(B)(2) in that the trial court entered an interlocutory order for the sale of real property and Defendants appeal from such order. We find that the Rule does not, as Plaintiffs contend, limit these appeals to the issue of whether the trial court properly ordered a sale.

The statute that Defendants rely on, I.C. § 32–4–5–6, is entitled "Freeholders appointed to make partition" and it provides as follows:

> Upon judgment of partition, the court shall appoint three (3) disinterested resident freeholders of the county in which such court is held, not of kin to any of the parties, who shall make partition of such lands, in pursuance of the judgment of the court.

This statute deals with appointment of commissioners to determine the physical partition of real estate. In the instant case, these commissioners were unnecessary because the parties stipulated that physical partition would cause damage and, thus, a sale was necessary. Therefore, Barber was not appointed as a commissioner to make partition.

Instead, Barber was appointed the commissioner to sell land pursuant to I.C. § 32–4–5–15. This statute, entitled "Commissioner to sell land," reads as follows:

> Such sale shall be made by a commissioner to be appointed by the court, *other than one of the commissioners to make partition;* and such commissioner shall file bond payable to the state of Indiana in such penalty as the court may direct, conditioned for the faithful discharge of the duties of his trust.

*Id.* (emphasis added). In accordance with the language quoted above, it is apparent that Defendants rely upon the wrong statute. The statute governing the appointment of a commissioner to sell land does not require that the commissioner be disinterested, unlike the statute regarding commissioners for the partition of land. The reason behind this distinction is apparent. If allowed, interested commissioners could easily prejudice one cotenant while physically partitioning land because the cotenants necessarily have adverse interests. However, there is not so much to gain, if anything, from an interested commissioner when selling property because, as Defendants have noted, all parties have the common objective of maximizing the sales price. Therefore, Defendants' argu-

ment that Barber must be disinterested to act as commissioner is without merit.[3]

Judgment affirmed.

DARDEN and BAILEY, JJ., concur.

---

3. Moreover, we note that the cases that Defendants cite to explain the term "disinterested" all relate to appraisers, which is not the role of a commissioner for the sale of land.